















```
RXC    8/1/01    13:40
3:01-CV-01403   MARIN V. SHAW
*1*
*CMP.*
```

Mel M. Marin
Box 1656
New Castle, PA 16107

Plaintiff
*Pro Se*

01 JUL 31 PM 3:30

DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN, | Number  '01 CV 1403 K (JAH) |
| Plaintiff, | **COMPLAINT** |
| v. | **FOR MALPRACTICE;** |
| | **BREACH OF FIDUCIARY DUTY** |
| STEPHEN SHAW; | |
| 3055 India St. | |
| San Diego, CA 92103, | |
| Defendant, | **JURY DEMANDED** |

Comes now plaintiff on his own behalf bringing causes of action against defendant as follows:

### VENUE AND JURISDICTION

1. Plaintiff is a resident and citizen and domiciliary of Pennsylvania, holds a PA driver's license, and intends to remain in PA to work and live.

2. Defendant is a San Diego resident and California citizen.

3. Plaintiff is entitled to and claims over $300,000 from defendant.

4. Any limitations time to file this action was tolled under the Soldiers' Relief Act.



1

# FIRST CAUSE OF ACTION

# FOR BREACH OF FIDUCIARY DUTY

5. In about March 2000 defendant met with plaintiff and plaintiff's father in La Jolla, California, for the purpose of retaining defendant to represent plaintiff and his father in an on-going action in the Superior Court.

6. During that meeting, plaintiff confided information to defendant that is not generally known among either the legal field in San Diego, nor the community at large, to wit: (a) the plaintiff is a reserve soldier with a record involving classified military duty which the United States has a history of refusing to confirm; (b) because the United States orders plaintiff to temporary duty in other states, if opposing counsel do not allow for extensions of time to respond to motions as is the courtesy, California judges have and will punish plaintiff for missing hearings, (c) because plaintiff's mail to different duty locations takes so long, plaintiff does not even receive mail for weeks or months after a court issues any order, so if any defendant wanted to destroy any case against plaintiff, all the defendant has to do is make any motion to shorten time to rule and the case will be over before plaintiff gets off duty and even receives his mail.

7. At the time of the March 2000 meeting, plaintiff was threatened with or had actually been found in contempt by Judge Wickersham for plaintiff's request to extend time on a court deadline followed by plaintiff's refusal to submit his entire classified military record to Judge Wickersham. Plaintiff also had another active case, <u>Marin v. HFC</u>, in which the state judge was refusing additional extensions of time and needed an attorney for that one, confiding that the HFC judge may not believe plaintiff with no support from federal offices.

2

8. Defendant Shaw declined to represent this plaintiff in any action, because of the inability to pay in advance any significant amount of money, because it is hard to prosecute any case missing hearings without verification from the United States, and because of Mr. Shaw's belief that it is virtually impossible to have a fair civil trial in front of Judge Wickersham and recommended that plaintiff and his father dismiss that case immediately. Plaintiff did so.

9. However, defendant Shaw then took that same information held in confidence and used that information against plaintiff in the action Marin v. HFC to engineer the dismissal of that action against plaintiff.

10. Specifically, defendant Shaw became counsel of record of HFC in about June 2000, about which plaintiff became aware for the first time in a hearing on about July 18, 2000 for leave to set a discovery motion for HFC's refusal to respond to discovery.

11. Then, when plaintiff made a motion to that court to postpone the hearing date for the discovery motion, and to extend dates to amend his complaint because of military duty, defendant Shaw used the confidential information against plaintiff, to wit: instead of agreeing to extend time as a courtesy as is normal in the first instance with any attorney in the community, Mr. Shaw waited until plaintiff was away on his military duty, and then made motion for attorney's fees knowing plaintiff would not receive the motion because plaintiff was not at his address during duty, and also during the same duty time made a quick *ex parte* "walk-in" motion to dismiss for plaintiff's failure to appear at the hearing knowing plaintiff would not receive that motion until it was too late and knowing that plaintiff's federal military superiors would not verify the duty as plaintiff told Mr. Shaw in confidence in March 2000.

12. Because plaintiff was on active military duty and could not receive his mail and could not appear and could not respond, and because the United States refused to verify, plaintiff's case was dismissed in September 2000 and plaintiff was sanctioned in excess of $27,000 as claimed attorneys' fees in about March 2001; and assessed an appellate charge as well.

13. During plaintiff's hearing for motion to vacate the dismissal, the judge acknowledged that the basis of the large sanctions was the confidential information that plaintiff had provided to Mr. Shaw: that the United States refused to verify plaintiff's duty.

14. The effect of that sanction is the block of a good security clearance and the prevention of plaintiff's ability to finish 20 years and reach his retirement pay valued in excess of $100,000.

15. Mr. Shaw wilfully and deliberately used that same confidential piece of information confided to him by plaintiff, against plaintiff, to secure employment which Mr. Shaw did not have in March 2000.

16. That same piece of private information was the actual and proximate cause of the dismissal and sanction of plaintiff, which then prevents plaintiff from completing his military duty and receiving his 20 year retirement certificate and pay.

17. The time within which to file this action was and is tolled for at least 90 days, from September to December 2000 due to plaintiff's actual active military duty, pursuant to federal statute:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court . . . by or against any person in military service . . . .

50 App. USC §525.

4

18. Plaintiff dd not at any time waive objection to Mr. Shaw's appearance in the HFC action because he notified the court of his challenge when plaintiff first learned about Mr. Shaw's representation in July 2000, and plaintiff was not allowed to set a formal hearing to remove Mr. Shaw before plaintiff left for required military duty in August 2000, when dismissal then made the motion unavailable.

19. WHEREFORE, plaintiff is entitled to and claims the value of the sanctions or approximately $27, 000, and the value of the appellate fees yet to be fully assessed, and the value of plaintiff's retirement pay of approximately $100,000, plus the value of the HFC action of approximately $100,000 which would not have been dismissed but for Mr. Shaw's use of the confidential information, and a punitive amount of $100,000.

## SECOND CAUSE OF ACTION
## FOR MALPRACTICE

20. Plaintiff incorporates previous allegations to this cause of action.

21. Defendant Shaw made no attempt whatsoever to locate plaintiff, whose contact information defendant had, to seek approval for defendant's representation of HFC and usage of the confidential information in that case against plaintiff.

22. Defendant attorney Shaw thereby violated California Rules of Professional Conduct and committed malpractice.

23. WHEREFORE, plaintiff is entitled to damages as claimed in ¶ 19 and verifies this complaint.

DATED: July 30, 2001

Box 1656
New Castle, PA 16107

July 30, 2001

Ms. Roberta Westdal
Clerk of the Court
United States District Court
880 Front Street, Room 4290
San Diego, CA 92101

RE:  Marin v. Shaw / New Action

Dear Ms. Westdal:

Enclosed are three copies of my new complaint, a fee waiver request, and a cover form.

This action seeks damages against an attorney representing company HFC in an action which was in Superior Court and which I removed to this court and for which Judge Gonzalez has been assigned, Marin v. HFC, 01-CV-815.

This new action, therefore, appears to be related to the HFC action since Judge Gonzalez may have to review and rule upon the allegations of this new present action when asked to remove the HFC counsel from further representation in Marin v. HFC.

Sincerely,

Mel Marin

Mel M. Marin

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mel Marin

**DEFENDANTS**
Stephen Shaw

(b) County of Residence of First Listed Plaintiff: **Lawrence**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'01 CV 1403 K (JAH)

(c) Attorney's (Firm Name, Address, and Telephone Number)
none  Mel Marin
BOX 1656
NEW CASTLE, PA 16107

Attorneys (If Known)
Suppa, Tricchi + Lee
3055 India St
San Diego, CA 92103

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT
Checked: **360 Other Personal Injury**

## V. ORIGIN
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Legal malpractice  28:1332 mrv

## VII. REQUESTED IN COMPLAINT:
DEMAND $ 300,000
JURY DEMAND: [x] Yes

## VIII. RELATED CASE(S) IF ANY
JUDGE: Gonzalez
DOCKET NUMBER: 01-cv-815

DATE: 7/30/01
SIGNATURE OF ATTORNEY OF RECORD: Mel M

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.