USDC SCAN INDEX SHEET

















CAG    10/10/03    13:12

3:01-CV-01403   MARIN V. SHAW

*74*

*AMDCMP.*

Mel M. Marin                     5/28/2001
Box 45675
San Diego, CA 92145

Plaintiff
*Pro Se*

**FILED**

**03 OCT 10 AM 10: 24**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Nunc pro tunc
10/08/03

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  SOUTHERN  DISTRICT  OF  CALIFORNIA

|  |  |  |
|---|---|---|
| MEL  M.  MARIN, | ) | Number 01-CV-1403-K |
| Plaintiff, | ) | **FIRST AMENDED COMPLAINT** |
|  | ) | **FOR MALPRACTICE;** |
| v. | ) | **BREACH OF FIDUCIARY DUTY** |
|  | ) | **AND** |
| STEPHEN SHAW; | ) | **FOR DECLARATORY JUDGMENT** |
| and  SUPPA, TRUCCHI | ) | **(FOR VIOLATION OF THE** |
| & HENEIN, LLP, | ) | **SOLDIERS' AND SAILORS'** |
| A CALIFORNIA PARTNERSHIP | ) | **CIVIL RELIEF ACT,** |
| AND | ) | **50 APP. U.S.C. § 581, AND** |
| THE  UNITED  STATES (ARMY) | ) | **10 U.S.C. § 1034 )** |
|  | ) |  |
| Defendants, | ) |  |
|  | ) | **JURY  DEMANDED** |

Comes now plaintiff on his own behalf bringing causes of action against defendants as follows:

### VENUE  AND  JURISDICTION

1.  Plaintiff is a resident and citizen and domiciliary of Pennsylvania, holds a PA driver's license, and intends to remain in PA to work and live.

2.  Non-U.S. defendants are San Diego residents and California citizens, and the law firm of SUPPA, TRUCCHI & HENEIN, LLP is a co-conspirator and joint feasor with defendant SHAW in every act described below.

3.  Plaintiff is entitled to and claims over $300,000 from each non-U.S. defendant, and is entitled to and claims declaratory judgment from the United States.

4.  Any limitations time to file this action was tolled under the Soldiers' Relief Act.

74

# FIRST CAUSE OF ACTION

# FOR BREACH OF FIDUCIARY DUTY AGAINST NON - U.S. DEFENDANTS

5.   In about March 2000 defendant met with plaintiff and plaintiff's father in La Jolla, California, for the purpose of retaining defendant to represent plaintiff and his father in an on-going action in the Superior Court.

6.   During that meeting, plaintiff confided information to defendant that is not generally known among either the legal field in San Diego, nor the community at large, to wit: (a) the plaintiff is a reserve soldier with a record involving classified military duty which the United States has a history of refusing to confirm; (b) because the United States orders plaintiff to temporary duty in other states, if opposing counsel do not allow for extensions of time to respond to motions as is the courtesy, California judges have and will punish plaintiff for missing hearings, (c) because plaintiff's mail to different duty locations takes so long, plaintiff does not even receive mail for weeks or months after a court issues any order, so if any defendant wanted to destroy any case against plaintiff, all the defendant has to do is make any motion to shorten time to rule and the case will be over before plaintiff gets off duty and even receives his mail.

7.   At the time of the March 2000 meeting, plaintiff was threatened with or had actually been found in contempt by Judge Wickersham for plaintiff's request to extend time on a court deadline followed by plaintiff's refusal to submit his entire classified military record to Judge Wickersham.   Plaintiff also had another active case, Marin v. HFC, in which the state judge was refusing additional extensions of time and needed an attorney for that one, confiding that the HFC judge may not believe plaintiff with no support from federal offices.

8.   Defendant Shaw declined to represent this plaintiff in any action, because of the inability to pay in advance any significant amount of money, because it is hard to prosecute any case missing hearings without verification from the United States, and because of Mr. Shaw's belief that it is virtually impossible to have a fair civil trial in front of Judge Wickersham and recommended that plaintiff and his father dismiss that case immediately.   Plaintiff did so.

9.   However, defendant Shaw then took that same information held in confidence and

2

1   used that information against plaintiff in the action <u>Marin v. HFC</u> to engineer the dismissal of that

2   action against plaintiff.

3        10.   Specifically, defendant Shaw became counsel of record of HFC in about June 2000,

4   about which plaintiff became aware for the first time in a hearing on about July 18, 2000 for leave

5   to set a discovery motion for HFC's refusal to respond to discovery.

6        11.   Then, when plaintiff made a motion to that court to postpone the hearing date for

7   the discovery motion, and to extend dates to amend his complaint because of military duty,

8   defendant Shaw used the confidential information against plaintiff, to wit: instead of agreeing to

9   extend time as a courtesy as is normal in the first instance with any attorney in the community,

10  Mr. Shaw waited until plaintiff was away on his military duty, and then made  motion for

11  attorney's fees knowing plaintiff would not receive the motion because plaintiff was not at his

12  address during duty, and also during the same duty time made a quick *ex parte* "walk-in" motion

13  to dismiss for plaintiff's failure to appear at the hearing knowing plaintiff would not receive that

14  motion until it was too late and knowing that plaintiff's federal military superiors would not verify

15  the duty as plaintiff told Mr. Shaw in confidence in March 2000.

16       12.   Because plaintiff was on active military duty and could not receive his mail and

17  could not appear and could not respond, and because the United States refused to verify,

18  plaintiff's case was dismissed in September 2000 and plaintiff was sanctioned in excess of $27,000

19  as claimed attorneys' fees in about March 2001; and assessed an appellate charge as well, and the

20  state court judge published an order suggesting plaintiff was a professional liar.

21       13.   During plaintiff's hearing for motion to vacate the dismissal, the judge

22  acknowledged that the basis of the large sanctions was the confidential information that plaintiff

23  had provided to Mr. Shaw: that the United States refused to verify plaintiff's duty.

24       14.   The effect of that sanction was the use of that order by other courts to cause the

25  loss of other legal actions by plaintiff valued at $100,000, the use of that order and the reputation

26  moving from it to block plaintiff's civilian legal career valued at $100,000, the use of that public

27  reputation to prevent plaintiff's receipt of a federal security clearance, and the prevention of

28  plaintiff's ability to finish 20 years of reserve military duty and reach his retirement pay valued in

3

1    excess of $100,000.

2        15.    Mr. Shaw wilfully and deliberately used that same confidential piece of information

3    confided to him by plaintiff, against plaintiff, to secure employment which Mr. Shaw did not have

4    in March 2000.

5        16.    That same piece of private information was the actual and proximate cause of the

6    dismissal and sanction of plaintiff, and the proximate cause of the career damage to plaintiff.

7        17.    The time within which to file this action was and is tolled for at least 90 days, from

8    September to December 2000 due to plaintiff's active military duty, pursuant to

9    federal statute:

10       The period of military service shall not be included in computing any
         period now or hereafter to be limited by any law, regulation, or order
11       for the bringing of any action or proceeding in any court . . . by or
         against any person in military service . . ..

12   50 App. USC §525.

13       18.    Plaintiff did not at any time waive objection to Mr. Shaw's appearance in the HFC

14   action because he notified the court of his challenge when plaintiff first learned about Mr. Shaw's

15   representation in July 2000, and plaintiff was not allowed to set a formal hearing to remove Mr.

16   Shaw before plaintiff left for required military duty in August 2000, when dismissal then made the

17   motion unavailable.

18       19.    WHEREFORE, plaintiff is entitled to and claims the value of the losses, or

19   approximately $300,000 from each and every non-U.S. defendant, jointly and severally, with an

20   additional amount to be added as punitive damages jointly and severally, as the jury may allow.

21

22
                        **SECOND  CAUSE  OF  ACTION**
23
              **FOR  MALPRACTICE  AGAINST  NON - U.S. DEFENDANTS**
24

25

26       20.    Plaintiff incorporates previous allegations to this cause of action.

27       21.    Defendant Shaw made no attempt whatsoever to locate plaintiff, whose contact

28   information defendant had, to seek approval for defendant's representation of HFC and usage of

4

1   the confidential information in that case against plaintiff.

2        22.    Defendant attorney Shaw thereby violated California Rules of Professional

3   Conduct and committed malpractice.

4        23.    WHEREFORE, plaintiff is entitled to and claims the value of the losses, or

5   approximately $300,000 from each and every non-U.S. defendant jointly and severally, and an

6   additional amount to be added as punitive damages jointly and severally, as the jury may allow.

7

8   **THIRD CAUSE OF ACTION**

9   **FOR DECLARATORY JUDGMENT AGAINST THE UNITED STATES**

10

11       24.    Plaintiff incorporates previous allegations to this cause of action.

12       25.    The failure of the United States to verify plaintiff's duty at plaintiff's request,

13  constitutes a violation of federal statute, to wit: 50 App. U.S.C. § 581 of the Soldiers' And

14  Sailors' Civil Relief Act.

15       26.    Because no soldier is allowed a damages action against the United States or any

16  military officer, plaintiff seeks only declaratory judgment against the United States (Army),

17  finding that it violated federal statute by refusing to verify plaintiff's military duty, and further

18  violated federal statute 10 U.S.C. § 1034 by a custom and practice of punishing this plaintiff or

19  any soldier for seeking to enforce rights which the United States Congress gives soldiers under

20  the Soldiers' Act.

21       27.    WHEREFORE, plaintiff is entitled to remedy as claimed above, and verifies this

22  complaint.

23

24  DATED: May 28, 2003

25

26

27

28

5