Case 3:01-cv-01403-WQH-CAB Document 161 Filed 06/07/06 Page 1 of 7

USDC SCAN INDEX SHEET










GAC   6/9/06   9:14
3:01-CV-01403   MARIN V. SHAW
*161*
*O.*

FILED

06 JUN -7 AM 8:45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL M. MARIN,<br><br>　　　　　Plaintiff,<br>vs.<br>STEPHEN SHAW,<br><br>　　　　　Defendant. | CASE NO. 01CV1403WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Order to Show Cause why Defendant Stephen Shaw and Defendant Suppa, Trucchi & Henein should not be dismissed from this action.

## BACKGROUND

On July 31, 2001, Plaintiff Mel M. Marin filed Complaint for Malpractice and Breach of Fiduciary Duty naming a single Defendant Stephen Shaw. Plaintiff alleged in the Complaint that Plaintiff met with for the purpose of retaining Shaw to represent him and his father in an ongoing action in state court; that Plaintiff confided information during the meeting to Defendant Shaw not generally known in the legal field or in the community at large; that at the time of the meeting Plaintiff "had another active case, <u>Marin v. HFC</u> in which the state judge was refusing additional extensions of time and needed an attorney for that one, confiding that the HFC judge may not believe plaintiff with no support from federal offices;" that Defendant Shaw declined to represent Plaintiff in any action because of an inability to pay and took "the information held in confidence and used that information against plaintiff in the action <u>Marin</u>

- 1 -   ENTERED ON 6-7-06    01cv1403

1  v. HFC to engineer the dismissal of that action against plaintiff." Complaint, Page 2 and 3.

2  On February 14, 2003, Defendant Stephen Shaw represented by Samy Henein of Suppa, Trucchi & Henein, LLP filed an Answer to Plaintiff's Complaint denying each and every allegation of the Complaint and setting forth a number of affirmative defenses.

On October 10, 2003, Plaintiff filed a First Amended Complaint naming three Defendants as follows: 1) Stephen Shaw; 2) Suppa, Trucchi & Henein, LLP, a California Partnership; and 3) the United States Army. The court record contains Return of Service of the First Amended Complaint for the United States Army. The court record contains nothing to indicate that Defendant Stephen Shaw and Defendant Suppa, Trucchi & Henein were properly served with the First Amended Complaint.

On October 4, 2004, this Court granted the motion by the Defendant United States Army to dismiss for improper service and dismissed the United States Army from the action without prejudice.

On February 8, 2005 with leave of the Court, Plaintiffs filed a Second Amended Complaint naming four Defendants as follows: 1) Stephen Shaw; 2) Suppa, Trucchi & Henein, LLP, a California Partnership; 3) the Department of Defense; and 4) the Secretary of the Department of Defense. The record contains Return of Service of the Second Amended Complaint for the Department of Defense and the Secretary of the Department of Defense. The record contains nothing to indicate that Defendant Stephen Shaw and Defendant Suppa, Trucchi & Henein, LLP, a California Partnership were properly served with the Second Amended Complaint.

On March 6, 2005, this Court granted the Motion to Dismiss filed by the Department of Defense and the Secretary of the Department of Defense as to all claims in the Second Amended Complaint.

On March 30, 2006, this Court ordered Plaintiff to show cause why this action should not be dismissed for failure to file provide proof of service of the amended complaints upon Defendant Shaw and failure to serve any of the complaints upon Defendant Suppa, Trucchi & Henein.

On May 15, 2006, this Court held a hearing on the Order to Show Cause. Plaintiff appeared and informed the Court that he had mailed the amended complaints to counsel for Defendant Shaw. Plaintiff asserted that the Marshal failed to complete service upon Suppa, Trucchi & Heinen and that Defendant Suppa, Trucchi & Henein had waived service. The Court ordered Plaintiff to file proof of service of the First and Second Amended Complaints within 10 days.

On May 23, 2006, Plaintiff filed "Plaintiff's Proof of Service per Order of the Court " which stated in relevant part that "on 2/27/04, in a hearing the attorney for both defendant Shaw and defendant Suppa law firm, waived formal service of process for the complaints which by then had been submitted; and that on March 15, 2004 I mailed a copy of the First Amended Complaint to the same law firm as directed by the magistrate on 2/27/04; and on 9/1/2004 I mailed by first class mail a copy of the Second Amended Complaint to the same law firm. . . . Suppa & Heinen 3055 India St. San Diego, CA 92103."

**1. Stephen Shaw**

Local Civil Rule 4.1(d) provides in relevant part: "Service of Pleadings other than Original Complaint. Service of an amended complaint, counterclaim, cross-claim, or third-party complaint, shall be made upon each new party to the litigation, whether or not multiple parties are represented by a single attorney. Service of all other pleadings authorized to be served in accordance with Rule 5, Fed. R. Civ. P., shall be complete when served upon the attorney for a party, if the party is represented by an attorney."

Rule 5 of the Federal Rules of Civil Procedure provides in relevant part that "[E]very pleading subsequent to the original complaint unless the court otherwise orders . . . shall be served upon each of the parties." Local Civil Rule 5.2 provides in part: "Proof of service of all papers required or permitted to be served, other than those for which a particular method of proof is prescribed in the Fed. R. Civ. P., shall be filed in the clerk's office promptly and in any event before action is to be taken thereon by the court or the parties. The proof shall show the day and manner of service and may be (1) written acknowledgment of service, on the original of the copy served, by the attorney or person in charge of his office receiving a copy thereof,

or (2) by certificate of a member of the bar of this court; (3) by affidavit of the person who mailed or otherwise served the papers, or (4) by any other proof satisfactory to the court.... Failure to make the proof of service required by this subdivision does not affect the validity of the service; and the court may at any time allow the proof of service to be amended or supplied unless it clearly appears that to do so would result in material prejudice to the substantial rights of any party.

Stephen Shaw is represented in this action by the Suppa, Trucchi and Henein law firm. Sam Henein filed an Answer to the original Complaint on behalf of the Defendant Shaw. Plaintiff thereafter filed a First Amended Complaint and a Second Amended Complaint. While Defendant Shaw was not a new party in the First Amended Complaint or the Second Amended Complaint, Plaintiff was required to serve these pleading pursuant to Fed. R. Civ. P. 5 and to file Proof of Service with the clerk's office pursuant to Local Rule 5.2. Plaintiff has provided Proof of Service which states that he mailed a copy of the First Amended Complaint or the Second Amended Complaint to the law firm representing Defendant Shaw. The Court will not dismiss this action against Defendant Shaw.

**2. Suppa, Trucchi & Henein, LLP, a California Partnership**

Suppa, Trucchi & Henein, LLP, a California Partnership was named as a Defendant for the first time in the First Amended Complaint and named again in the Second Amended Complaint. Accordingly, Plaintiff was required to serve Defendant Suppa, Trucchi & Henein, pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Local Rule 4.1. The court record contains no indication of service pursuant to Rule 4(c) or waiver of service pursuant to Rule 4(d) for either the First Amended Complaint or the Second Amended Complaint upon the Defendant Suppa, Trucchi & Henein. Pursuant to Rule 4(m) "if service of the complaint and summons is not made upon a defendant within 120 days after the filing of the complaint, the court, upon its own motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate time."

|   |   |
|---|---|
| 1 | On September 28, 2001, this Court ordered as follows: "Plaintiff's application to proceed *in forma pauperis* and orders that the Clerk of the Court shall file the Plaintiff's complaint without prepayment of fees." This order did not state that the Marshall shall be responsible for service. Rule 4(c)(2) states that "Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. . ." |

28 U.S.C. § 1915(e)(2)(B) mandates that the court review a complaint filed pursuant to the *in forma pauperis* provisions before directing service by the United States Marshal pursuant to Fed. R.Civ. P. 4(c)(2). A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court. Section 1915(e)(2)(B)(ii) states that "the court **shall** dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." (emphasis added). *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cr. 2001) ("The provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The Second Amended Complaint alleges claims against Defendant Shaw for breach of fiduciary duty and legal malpractice based upon Defendant's Shaw's alleges use of information provided by Plaintiff Marin to Defendant Shaw in confidence. The only allegations in the Second Amended Complaint against Defendant Suppa, Trucchi & Henein, state "that the law firm of SUPPA, TRUCCHI & HENEIN, LLP is a co-conspirator and joint tortfeasor with defendant SHAW in every act described." Second Amended Complaint page 1. There are no factual allegations in the First Amended Complaint or the Second Amended Complaint to support any claim against Defendant Suppa, Trucchi & Henein as a co-conspirator and/or joint tortfeasor with Defendant Shaw. The Second Amended Complaint fails to state any facts which taken as true would support a claim against Defendant Suppa, Trucchi & Henein The Court concludes that Plaintiff's complaint against Defendant Suppa, Trucchi & Henein is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS HEREBY ORDERED that Defendant Suppa, Trucchi & Henein, LLP, a California Partnership dismissed without prejudice. Defendant Shaw is the only remaining defendant. The Court refers the case to the Magistrate Judge for a case management conference in an effort to resolve the claims against the remaining Defendant Shaw as soon as possible.

Dated: 6/6/06

WILLIAM Q. HAYES
United States District Judge

cc: All Parties
    Magistrate Judge Cathy Ann Bencivengo