# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MEL M. MARIN,

Plaintiff,

vs.

STEPHEN SHAW,

Defendant.

CASE NO. 01CV1403WQH

ORDER

HAYES, Judge:

The matter before the Court is the motion for summary judgment (#170) or, in the alternative, for summary adjudication of claims by the remaining Defendant Stephen Shaw.

## BACKGROUND

On July 31, 2001, Plaintiff Mel M. Marin filed a Complaint for Malpractice and Breach of Fiduciary Duty naming a single Defendant Stephen Shaw. Plaintiff alleged that he met with Shaw for the purpose of retaining Defendant Shaw to represent him in an ongoing action in state court, and that Plaintiff confided information during the meeting to Defendant Shaw not generally known in the legal field or in the community at large. The Complaint alleged that Defendant Shaw declined to represent Plaintiff in any action because of an inability to pay and took the information held in confidence and used that information against Plaintiff in an unrelated state court action to engineer the dismissal of that action against Plaintiff. Complaint

01cv1403

at pages 2 and 3.

On February 14, 2003, Defendant Stephen Shaw represented by Samy Henein of Suppa, Trucchi & Henein, LLP filed an Answer to Plaintiff's Complaint denying each and every allegation of the Complaint and setting forth a number of affirmative defenses.

On October 10, 2003, Plaintiff filed a First Amended Complaint naming three Defendants as follows: 1) Stephen Shaw; 2) Suppa, Trucchi & Henein, LLP, a California Partnership; and 3) the United States Army.

On October 4, 2004, the Court granted a motion by the Defendant United States Army to dismiss for improper service and dismissed the United States Army from the action without prejudice.

On February 8, 2005, Plaintiff filed a Second Amended Complaint naming four Defendants as follows: 1) Stephen Shaw; 2) Suppa, Trucchi & Henein, LLP, a California Partnership; 3) the Department of Defense; and 4) the Secretary of the Department of Defense.

On March 9, 2006, this Court granted a motion by the Department of Defense and the Secretary of the Department of Defense and dismissed all claims in the Second Amended Complaint against the Department of Defense and the Secretary of the Department of Defense.

On March 30, 2006, this Court ordered Plaintiff to show cause why this action should not be dismissed for failure to file provide proof of service of the amended complaints upon Defendant Shaw and failure to serve any complaint upon Defendant Suppa, Trucchi & Henein.

On May 15, 2006, this Court held a hearing on the Order to Show Cause.  Plaintiff appeared and informed the Court that he had mailed the amended complaints to counsel for Defendant Shaw.  Plaintiff asserted that the United States Marshal had failed to complete service upon Suppa, Trucchi & Heinen or, in the alternative, that Defendant Suppa, Trucchi & Henein had waived service of the Complaint.

On June 7, 2006, this Court entered an order dismissing Defendant Suppa, Trucchi & Henein, LLP, a California Partnership, without prejudice and referred the case to the Magistrate Judge for a case management conference in an effort to move forward with the claims against the only remaining Defendant Shaw.

1    On July 5, 2006, the Magistrate Judge held a case management conference.

2    On July 11, 2006, the Magistrate Judge issued an order which required that "All

3    discovery, including expert discovery, shall be completed on or before **September 25,**

4    **2006**"and that "[a]ll motions, other than motions to amend or join parties, or motions in limine,

5    shall be **FILED** on or before **October 10, 2006**."

6    On October 10, 2006, Defendant filed the motion now before this Court for summary

7    judgment or, in the alternative, for summary adjudication of claims.

8    On November 2, 2006, the Magistrate Judge held a telephonic status conference upon

9    Plaintiff's request at which Plaintiff stated that he had a number of discovery issues and was

10   considering bringing a motion to compel.  The Magistrate Judge ordered that "Plaintiff may

11   submit his motion directly to chambers. If the motion is brought, Defendant shall submit his

12   opposition, also directly to the chambers, within five days of his receipt of the motion."

13   Document #174.  Plaintiff did not file a motion to compel.

14   On December 1, 2006, the Magistrate Judge issued an order denying Plaintiff's motion

15   to vacate scheduling order.  The order stated in part that "Plaintiff has had ample opportunity

16   conduct discovery and build his case.  Plaintiff has not brought any motions addressing

17   specific discovery disputes, although the Court allowed him to do so even after the September

18   25, 2006 discovery cut-off."  Docket No. 187, Order at page 2.

19   On December 1, 2006, the Magistrate Judge received a letter from Plaintiff which

20   attached "the full motion, or something close to what I would like to file if granted leave to do

21   so." Docket no. 187, Order at page 1.  In an effort to avoid further unnecessary delay, the

22   Magistrate Judge construed Plaintiff's letter as a motion to compel.

23   On December 6, 2006, the Magistrate Judge issued an order denying Plaintiff's motion

24   to compel.  The Magistrate Judge stated in part "prior to the present motion, Marin has never

25   attempted to bring a motion to compel before this Court.   . . . when allowed to make the

26   motion, Plaintiff took a month to do so  . . . Plaintiff previously made essentially the same

27   request in his motion to vacate the current scheduling order.  The Court denied that motion for

28   lack of good cause to modify the current deadlines.  This case has been pending since 2001.

1    Most recently the discovery cut-off was set for September 25, 2006.  Plaintiff has had more

2    than sufficient time to conduct discovery."  Docket No. 187, Order at page 4.

3         On December 26, 2006, Plaintiff filed an objection to the December 1, 2006 order of

4    the Magistrate Judge.  Plaintiff contends that the Magistrate Judge acted outside of her

5    jurisdiction by issuing a dispositive order in the discovery matter.  Plaintiff further contends

6    that the Magistrate Judge prevented him from filing a motion to compel in July 2006.

7         On December 27, 2006, Plaintiff filed a Notice of Appeal from the ruling of the

8    Magistrate Judge filed on December 1, 2006 and all previous and/or related rulings.

9    **CONTENTIONS OF THE DEFENDANT**

10         Defendant contends that he is entitled to judgment in his favor dismissing Plaintiff's

11    Second Amended Complaint for legal malpractice and breach of fiduciary duty on the grounds

12    that the Second Amended Complaint does not allege any statements made by Plaintiff to the

13    Defendant which were confidential.  Defendant contends that the information that Plaintiff is

14    a reserve soldier who the United States orders to temporary duty allegedly confided to

15    Defendant by Plaintiff was a commonly known fact which Plaintiff has attempted to use to his

16    benefit in a number of unrelated cases.  In support of his position, Defendant submits in the

17    record of this case six exhibits from the proceedings in other courts in which Plaintiff's

18    military classification was detailed in the public record prior to March 2000. Defendant

19    contends that there was public knowledge of Plaintiff's claim to military security clearance

20    well before the March 2000 meeting alleged in the Second Amended Complaint. Defendant

21    further contends that the alleged confidential information could not be the legal cause of any

22    injury to Plaintiff because Plaintiff has not alleged any facts to suggest that Defendant Shaw

23    knew that Plaintiff was out of town when Plaintiff filed his motion in the state court action or

24    come forward with any evidence to establish that he was injured by the conduct asserted.

25    **CONTENTIONS OF PLAINTIFF**

26         Plaintiff contends that the motion for summary judgment by Defendant Shaw is a repeat

27    of an earlier Rule 12 motion brought by the Defendant Shaw and denied by the Court.  Plaintiff

28    further contends that Defendant has failed to meet the standard for summary judgment and that

1   Plaintiff is entitled to further discovery.

2                              **STANDARD OF REVIEW**

3           Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil

4   Procedure where the moving party demonstrates the absence of a genuine issue of material fact

5   and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *See Celotex Corp. v.*

6   *Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when it could affect the outcome of the

7   case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

8   (1986).   A party seeking summary judgment always bears the initial burden of establishing

9   the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party

10  may meet this burden by presenting evidence that negates an essential element of the

11  nonmoving party's case or by demonstrating that the nonmoving party failed to make a

12  showing sufficient to establish an element essential to that party's case on which that party will

13  bear the burden of proof at trial.  *Id.* at 322-23.  The court views all inferences drawn from the

14  underlying facts in the light most favorable to the nonmoving party.  *Matsushita Electric*

15  *Industrial Co. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986).

16          When a motion for summary judgment is made and supported as provided in Fed. R.

17  Civ. P. 56, an adverse party "may not rest upon the mere allegations or denials of the adverse

18  party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this

19  rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse

20  party does not so respond, summary judgment, if appropriate, shall be entered against the

21  adverse party."  Fed. R. Civ. P. 56(e).

22                              **APPLICABLE LAW**

23          In order prevail on a claim for breach of the attorney client privilege, a plaintiff  has the

24  burden to demonstrate that privilege applies to the information in question.  *United States v.*

25  *Gann*, 732 F.2d 714, 723 (9th Cir.), *cert denied*, 469 U.S. 1034 (1984).  To have the privilege

26  apply, the plaintiffs must prove that:  "(1) Where legal advice of any kind is sought (2) from

27  a professional legal advisor in his capacity as such, (3) the communications relating to that

28  purpose, (4) made in confidence (5) by the client, (6) are at [the client's] instance permanently

protected (7) from disclosure by himself or by legal advisor (8) except that the protection may be waived . . . ." *United States v. Ladof*, 591 F.2d 36, 38, (9th Cir. 1979) quoting 8 Wigmore, Evidence § 2292 (McNaughton Rev. 1961).    The privilege does not extend beyond the substance of the client's confidential communication to the attorney and facts which an attorney receives from a third party about a client are not privileged.  *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977).

In order to prevail on a claim for breach of fiduciary duty Plaintiff must demonstrate the existence of a fiduciary duty, breach of that duty, and damages.  *Benasra v. Mitchell Silberberg & Knupp*, 123 Cal.App.4th 1179, 1183 (2004).

**ANALYSIS**

**1. Jurisdiction**

On December 27, 2006, Plaintiff filed a Notice of Appeal from the ruling of the Magistrate Judge filed on December 1, 2006 and all previous and/or related rulings.

In *California Department of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113 (9th Cir 2004), the Court of Appeals explained that it is the "general rule that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal.  This general rule, however, refers discretely to a loss of jurisdiction over those aspects of the case involved in the appeal, and is a judge-made doctrine designed to avoid confusion and waste of time that might flow from putting the same issues before two courts at the same time. The divestment rule, therefore, is  a rule of judicial economy and not one that strips the district court of subject matter jurisdiction." *Id*. at 1120, 1121.  (citations and quotation marks omitted).

Rule 4 of the Federal Rules of Appellate Procedure provides for an appeal as a matter of right after judgment has been entered.  While there are provisions for an appeal prior to a final judgment, such as Fed. R. Civ. P 54(b), there are no exceptions which would apply in this case.  Plaintiff's notice of appeal from a order denying relief in a pretrial matter by the Magistrate Judge is premature.  Delay in considering the Defendant's motion for summary judgment will unnecessarily extend this case which has been pending for over five years and

1  will not advance any rule of judicial economy.  Since the district court is not stripped of subject

2  matter jurisdiction, this Court concludes that it is in the interest of justice to resolve

3  Defendant's motion for summary judgment.

4  **2.  Motion for Summary Judgment**

5       The Second Amended Complaint alleges that Defendant Shaw used confidential

6  information obtained in a meeting between Plaintiff and Defendant to an advantage in

7  unrelated action.    The confidential information alleged is described in the complaint as

8  follows:

9           During [the March 2000] meeting, plaintiff confided information to defendant
            that is not generally known among the legal field in San Diego, nor the
10          community at large, to wit:  (a) the plaintiff is a reserve soldier with a record
            involving classified military duty which the United States has a history of
11          refusing to confirm; (b) because the United States orders plaintiff to temporary
            duty in other states; if opposing counsel do not allow for extensions of time to
12          respond to motions as is the courtesy, California judges have and will punish
            plaintiff for missing hearings; c) because plaintiff's mail to different duty
13          locations takes so long, plaintiff does not even receive mail for weeks or months
            after a court issues any order, so if any defendant wanted to destroy any case
14          against plaintiff, all the defendant has to do is make any motion to shorten time
            to rule and the case will be over before plaintiff gets off duty and even receives
15          mail.

16  Second Amended Complaint at paragraph 6.  The complaint alleges "at the time of the March

17  2000 meeting, plaintiff was threatened with or had actually been found in contempt by Judge

18  Wickersham for plaintiff's request to extend time on a court deadline followed by plaintiff's

19  refusal to submit his entire classified military record to Judge Wickersham.  Plaintiff also had

20  another active case, <u>Marin v. HFC</u>, in which the state judge was refusing additional extensions

21  of time and needed an attorney for that one, confiding that the HFC judge may not believe

22  plaintiff with no support from federal offices."  Second Amended Complaint at paragraph 7.

23  The complaint alleges that Shaw became counsel of record for HFC and "used the confidential

24  information against plaintiff, to wit: instead of agreeing to extend time as a courtesy as is

25  normal in the first instance with any attorney in the community, Mr. Shaw waited until

26  Plaintiff was away on his military duty, and then  made a motion for attorney fees." Second

27  Amended Complaint at paragraph 11.  The complaint alleges that Plaintiff did not respond to

28  the motion for attorney fees and that the Court awarded fees "in excess of $27,000 as claimed

attorney fees in about March 2001; and assessed an appellate charge as well, and the state court judge published an order suggesting plaintiff was a professional liar." Second Amended Complaint at paragraph 12.

Plaintiff's allegations in the complaint that "California judges have and will punish plaintiff for missing hearings" and that "any defendant wanted to destroy any case against plaintiff, all the defendant has to do is make any motion to shorten time to rule and the case will be over before plaintiff gets off duty and even receives mail" are not any manner of confidential information. Parties who miss hearings and do not respond in a timely manner suffer the consequences of as a result of the application of court rules.  Any consequence of the application of time limits by the court to the detriment of a litigant is not caused by the opposing attorney and cannot form the basis of a legal malpractice or breach of fiduciary duty action.

In support of his motion for summary judgment, Defendant Shaw provides court records from five proceedings prior to March 2000 which refer specifically to Plaintiff's claims of military service, and Plaintiff's claims that the military would not provide correct information or access to his records.  See *Request for Judicial Notice,* Exhibits A through E.  Defendant has come forward with evidence to show that Plaintiff's assertion in the complaint that it is not generally known that he "is a reserve soldier with a record involving classified military duty which the United States has a history of refusing to confirm" was referenced in the public record on a significant number of occasions and cannot support a claim of confidential information.  The Court concludes that Defendant has come forward with evidence and argument which support his position that Plaintiff could prove no set of facts which could entitle him to prevail on his claims of breach of fiduciary duty and legal malpractice.  Pursuant to Fed. R. Civ. P 56, the burden shifts to Plaintiff, the non-moving party, to come forward with specific facts showing that there is a genuine issue for trial.  Plaintiff has not come forward with any evidence to support his claim that he conveyed confidential information to Defendant which resulted in damage.  In response to Defendant's motion for summary judgment, Plaintiff submits no evidence to support his claims; and asserts that the issue before the Court was

1   decided in a prior order and that he has not had an adequate opportunity to conduct discovery.

2       In the prior order denying Defendant Shaw's motion to dismiss filed on October 15,

3   2003, this Court found that the allegations of damages in the original Complaint were adequate

4   to satisfy the jurisdictional amount and that "a legally cognizable relationship" could exist

5   between the Plaintiff and Defendant Shaw even though Defendant Shaw never represented the

6   Plaintiff.  Docket No. 30, Order at page 4.  This prior ruling does not satisfy Plaintiff's burden

7   to come forward with some evidence to support his claims.  Plaintiff further contends that

8   summary judgment should not be granted because he has not had adequate time for discovery.

9       On June 7, 2006, this Court referred the matter to the Magistrate Judge to allow Plaintiff

10  an additional opportunity to address his discovery issues.  On December 1, 2006, the

11  Magistrate Judge stated that "Plaintiff has had ample opportunity conduct discovery and build

12  his case. Plaintiff has not brought any motions addressing specific discovery disputes, although

13  the Court allowed him to do so even after the September 25, 2006 discovery cut-off."  Docket

14  No. 185, Order at page 2.  Pursuant  to the provisions of 28 U.S.C. § 636(b)(1), the district

15  judge "may designate a magistrate judge to hear and determine any pretrial matter pending

16  before the court" with certain exceptions none of which apply to the discovery matters in this

17  case.  The Magistrate Judge was specifically designated by this Court to resolve pretrial

18  matters against the remaining Defendant Shaw.  Docket No. 161, Order at page 6.  This Court

19  may reconsider any pretrial matter "where it has been shown that the magistrate judge's order

20  is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Plaintiff has failed to

21  demonstrate that the December 1, 2006 order of the Magistrate Judge is clearly erroneous or

22  contrary to law or that he is entitled to any further delay pursuant to Fed. R. Civ. P. 56(f).

23      Plaintiff filed the Complaint against Defendant Shaw on July 31, 2001.  In the

24  intervening five and a half years, Plaintiff filed two amended complaints adding four

25  Defendants who were subsequently dismissed by order of this Court.  Plaintiff  has had a

26  pending action against Defendant Shaw for more than five years.  Plaintiff has had more than

27  adequate opportunity to conduct discovery and full access to this Court to move to compel

28  discovery.  Plaintiff has failed to come forward with any evidence to support his claim that he

1  gave confidential information to Defendant Shaw about his military service or the refusal of

2  judges to extend time which Defendant Shaw utilized to damage Plaintiff. Pursuant to Fed.

3  R.Civ. P. 56(e), the Court concludes that summary judgment is appropriate against Plaintiff

4  and in favor of Defendant Shaw.

5                                **CONCLUSION**

6          IT IS HEREBY ORDERED that Plaintiff's objection to the Magistrate Judge's ruling

7  of December 1, 2006 (#191) is denied and the motion for summary judgment (#170) or, in the

8  alternative, for summary adjudication of claims by Defendant Stephen Shaw is granted.  The

9  Clerk is directed to enter judgment against Plaintiff dismissing this action.

10 DATED:  January 17, 2007

11                                *William Q. Hayes*
                                 **WILLIAM Q. HAYES**
12                               United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28