

**FILED**

APR 30 2009

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

MEL M. MARIN,

    Plaintiff - Appellant,

 V.

STEPHEN SHAW,

    Defendant - Appellee.

No.  07-55460

D.C. No.  CV-01-01403-WQH

Southern District of California,
San Diego

**MANDATE**

**FILED**

APR 3 0 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered 4/6/09, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

      FOR THE COURT:

      Molly C. Dwyer
      Clerk of Court


      By: Gabriela Van Allen
      Deputy Clerk

FILED

APR 06 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEL M. MARIN,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>STEPHEN SHAW,<br><br>             Defendant - Appellee. | No. 07-55460<br><br>D.C. No. CV-01-01403-WQH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 18, 2009[**]

Before:   LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

Mel M. Marin appeals pro se from the district court's summary judgment in

his diversity action alleging breach of fiduciary duty and legal malpractice.  We

have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

court's grant of summary judgment. *Golden W. Ref. Co. v. Suntrust Bank*, 538 F.3d

1233, 1237 (9th Cir. 2008). We review for abuse of discretion the district court's

refusal to permit further discovery. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520,

523 (9th Cir. 1989). We affirm.

The district court properly granted summary judgment because Marin failed

to raise a genuine issue as to whether Shaw owed him a legal or fiduciary duty.

*See People ex rel. Dept. of Corps v. SpeeDee Oil Change Sys. Inc.*, 86 Cal. Rptr. 2d

816, 825 (Cal. Ct. App. 1999) ("An attorney represents a client – for purposes of a

conflict of interest analysis – when the attorney knowingly obtains material

confidential information from the client and renders legal advice or services as a

result."); *see also First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*,

210 F.3d 983, 986 (9th Cir. 2000) (explaining that duty is an element of a breach of

fiduciary duty or legal malpractice claim under California law). Moreover, Marin

failed to show how he was damaged by Shaw's conduct. *See Slovensky v.*

*Friedman*, 49 Cal. Rptr. 3d 60, 72-73 (Cal. Ct. App. 2006) (affirming the trial

court's summary judgment for defendant in a fiduciary duty and legal malpractice

action where the plaintiff failed to establish damages).

The district court did not abuse its discretion by denying Marin's request for

additional time to conduct discovery because he had already been given ample time

tk/Research                              2

to do so.  *See Mackey*, 867 F.2d at 524 (9th Cir. 1989) ("A movant cannot
complain if [he] fails diligently to pursue discovery before summary judgment.").

The district court properly dismissed without prejudice the claims against
the federal defendants for improper venue and lack of subject matter jurisdiction.
*See* 28 U.S.C. § 1391(e) (instructing that venue is proper where either the
defendant or plaintiff resides, or where a substantial part of the events or omissions
giving rise to the claim occurred).

The district court properly dismissed without prejudice Marin's claims
against defendant Suppa, Trucchi & Henein, LLP because his second amended
complaint contained no facts supporting the elements of his claims.  *See First
Interstate Bank of Ariz.*, 210 F.3d at 986 (outlining elements of a breach of
fiduciary duty and legal malpractice claim).

Marin's remaining contentions are unpersuasive.

**AFFIRMED.**

tk/Research                                          3